# Exhibit A

## SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (the "Settlement Agreement") is entered into as of this 2nd day of April, 2019, by and between: (i) Plaintiffs Lashonda Robinson ("Robinson") and Jassarie Sierra ("Sierra") (collectively, the "Plaintiffs"); and Defendants Freedom Home Healthcare, Inc. ("FHH"), Tara Smith-Keeler, Christina Sanchez, Joseph Angelosante and Barbra S. London (collectively, the "Defendants"). Plaintiffs and Defendants are each referred to herein as a "Party" and together as the "Parties."

### Recitals

WHEREAS on May 10, 2018, Plaintiffs filed a lawsuit in the United States District Court for the District of New Jersey captioned <u>Robinson v. Freedom Home Healthcare, Inc., et al.</u> (Civil Action No. 2:18-cv-09079-ES-CLW), seeking damages against Defendants;

WHEREAS on August 2, 2018, Plaintiffs filed an amended lawsuit in the United States District Court for the District of New Jersey captioned <u>Robinson v. Freedom Home Healthcare, Inc., et al.</u> (Civil Action No. 2:18-cv-09079-ES-CLW) (the "Lawsuit"), seeking damages against Defendants;

WHEREAS Plaintiffs asserted claims against all Defendants seeking to recover unpaid minimum wages, overtime pay, and other monies pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, the New Jersey State Wage and Hour Law ("NJWHL"), N.J.A.C. 12:56-57 and the New Jersey Wage Payment Law, ("NJWPL"), N.J.S.A. 34:11-4.1 et seq.

WHEREAS on August 23, 2018, Defendants filed an Answer to the Lawsuit, asserting certain Affirmative Defenses and denying any liability for the claims asserted in the Lawsuit.

WHEREAS the Parties wish to avoid the uncertainties and expenses of the proceedings in this matter and desire to fully resolve and settle all claims, including those asserted in, arising out of, or related to the allegations set forth in the Lawsuit, and;

WHEREAS the Parties negotiated at arm's length and reached this Settlement Agreement in good faith.

## The Agreement

1.     **Release.**  Plaintiffs, and all their heirs, executors and administrators, attorneys, insurers, agents, successors, and assigns, agree to release forever with prejudice Defendants, their current and past officers, board members, directors, employees, agents, subsidiaries, parents, affiliates, predecessors, insurers, attorneys, members, successors and assigns, and all persons acting in such capacities, from all actions, suits, claims and demands in law or equity, that Plaintiffs ever had, now has, or may have, resulting from anything which has happened up until now, including, by way of example rather than limitation, any matter, cause or claims relating in any way to the matters asserted in the Lawsuit and otherwise, including but not limited to all claims of discrimination and/or retaliation, violations of the Family and Medical Leave Act, Title VII of the Civil Rights Act, the Civil Rights Act of 1991, Sections 1981 through 1988 of Title 42 of the United States Code, The Employee Retirement Income Security Act (except for any vested benefits under any tax qualified benefit plan), the Fair Credit Reporting Act, the Americans with Disabilities Act, the Rehabilitation Act, the FLSA, the NJWHL, the NJWPL, the New Jersey Human Rights Law, the New Jersey Whistleblower Law (the New Jersey Conscientious Employee Protection Act), the Age Discrimination in Employment Act, the Equal Pay Act, for breach of contract, unjust enrichment, wrongful termination, constructive discharge, civil conspiracy, or any other federal, state or local law or ordinances and any

BE:10244182.1/SIE108-273786

common law claims under tort, contract or any other theories now or hereafter recognized. The release recited in this Paragraph shall include any and all claims which Plaintiffs may have for any type of damages cognizable under any of the laws or causes of action referenced in this Settlement Agreement, including, but not limited to, any and all claims for compensatory damages, punitive damages, and specifically including any claims for attorneys' fees.

However, nothing in this release is intended to operate as a release and full settlement of any right Plaintiffs may have to receive benefits hereunder and/or any statutory right Plaintiffs may have to receive unemployment or worker's compensation benefits.

2.    **Consideration.** The Settlement Payments listed below shall be paid by FHH within thirty (30) days from the date the Court approves this Settlement Agreement after receipt by Defendants' counsel of a fully executed Settlement Agreement, W-4 forms, and W-9 forms completed by both Plaintiffs and Plaintiffs' counsel, as follows:

a.    a check payable to Robinson, less mandatory deductions, in the gross amount of Twenty-Seven Thousand Five Hundred Dollars ($27,500.00) representing alleged unpaid wages and for which FHH will issue a tax form W-2 to Robinson.

b.    a check payable to Sierra, less mandatory deductions, in the gross amount of Twenty-Seven Thousand Five Hundred Dollars ($27,500.00) representing alleged unpaid wages and for which FHH will issue a tax form W-2 to Sierra.

c.    a check payable to Robinson, without any deductions, in the gross amount of Twenty-Seven Thousand Five Hundred Dollars ($27,500.00) representing alleged liquidated damages under the FLSA for which FHH will issue a tax form 1099 to Robinson.

d.    a check payable to Sierra, without any deductions, in the gross amount of

BE:10244182.1/SIE108-273786

Twenty-Seven Thousand Five Hundred Dollars ($27,500.00) representing alleged liquidated damages under the FLSA for which FHH will issue a tax form 1099 to Sierra.

    e.    a check payable to Plaintiffs' counsel (Brach Eichler LLC) in the gross amount of Forty Thousand Dollars ($40,000.00) representing attorneys' fees and costs paid by Plaintiffs to Brach Eichler LLC and for which FHH will issue a tax form 1099 to Robinson, Sierra, and Brach Eichler LLC.

    **3.    Tax Consequences.**  Defendants make no representations or warranties regarding any tax issues relating to the settlement payment provided for in this Settlement Agreement. Plaintiffs acknowledge they have not relied upon any advice from Defendants concerning the taxability of the amounts to be paid under this Settlement Agreement. Plaintiffs shall indemnify and hold harmless Defendants and Defendants' counsel from any and all liability for taxes, interest and penalties in connection with this Settlement Agreement.

    Should it be determined that any payment made to Plaintiffs pursuant to this Settlement Agreement constitute gross income within the meaning of the Internal Revenue Code of 1986, as amended, or under any other federal, state or local statute or ordinance, Plaintiffs shall be solely liable for and agree to pay any amount that may be determined to be due and owing by them as taxes, interest and penalties arising out of such payments.

    **4.    Dismissal of Litigation**.  This Lawsuit shall be dismissed with prejudice at a reasonable time after the Court approves this Settlement Agreement. The Plaintiffs shall jointly file any documents necessary to effectuate dismissal.

    **5.    No Admission**.  This Release is the result of a compromise and settlement of disputed claims and shall never at any time, for any purpose, be considered an admission of liability or responsibility of the Defendants, who continue to deny such liability and to disclaim

such responsibility. Defendants deny they violated any federal, state or local statute, ordinance or regulation or any duty allegedly owed by Defendants to Plaintiffs, on any basis.

6.   **Entire Agreement**.   It is further understood and agreed that this document represents the complete agreement between the Parties hereto and that there are no written or oral understandings or agreements directly or indirectly connected with this Release that are not fully incorporated herein. This Settlement Agreement supersedes and replaces any other offer, employment contract, or agreements and there are no other agreements or understanding except as set forth herein.

7.   **Knowing and Voluntary Acceptance of Terms**.   Plaintiffs warrant and represent that they have carefully read this Release and know and fully understand the contents thereof, and that they are signing the same as their own free act. Plaintiffs intend to be legally bound by all promises contained herein. Plaintiffs further warrant and represent that they have not been influenced in any manner whatsoever in making and signing this Release by representations or inducements by Defendants.

8.   **Governing Law**.   This Release shall be construed in accordance with and governed by the laws of the State of New Jersey, without reference to New Jersey conflict of laws rules.

9.   **Warranties and Indemnification Relating to Medicare/Medicaid Claims.** Plaintiffs affirm, covenant, and warrant they are not Medicare eligible and have made no claim for illness or injury against, nor know of any facts supporting any claim against the Defendants under which Defendants could be liable for medical expenses incurred by Plaintiffs before or after the execution of this Settlement Agreement. Plaintiffs are not aware of any medical expenses which Medicare or Medicaid has paid and for which the Defendants are or could be

BE:10244182.1/SIE108-273786

liable now or in the future. Plaintiffs agree and affirm that, to the best of their knowledge, no liens of any governmental entities, including those for Medicare Conditional Payments (as defined by the Medicare Secondary Payer Statute and implementing regulations) exist.

Plaintiffs agree to indemnify and hold harmless the Released Parties from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character which have been or may in the future be asserted by Medicare, Medicaid, and/or persons or entities acting for Medicare or Medicaid, or any other person or entity, arising from or related to this Settlement Agreement, the Payment in paragraph 2, any Conditional Payments made by Medicare, any Assistance paid by Medicaid, or any medical expenses or payments arising from or related to any released accident, occurrence, injury, illness, disease, loss, claim, demand, or damages subject to the Settlement Agreement.

It is agreed the Defendants expressly rely upon the promises, representations, and warranties made by Plaintiffs in this Settlement Agreement relating to any breach of such promises, representations, and warranties and any breach would constitute a material breach of this Settlement Agreement. If any such breach occurs the Defendants shall be entitled to Plaintiffs' satisfaction of any payments owed to Medicare or Medicaid arising out of this Settlement Agreement.

**10.** **Limited Confidentiality Provision.** Plaintiffs agree that they will not publicize the negotiations with respect to the Settlement Agreement. Nothing in this Settlement Agreement shall prohibit Plaintiffs from disclosing information concerning payments made to her to members of her immediate family and tax advisors. Further, nothing in this Settlement Agreement will prohibit or restrict such disclosure as is required by law or as may be necessary for the prosecution of claims relating to the performance or enforcement of this Settlement

BE:10244182.1/SIE108-273786

Agreement, or prohibit or restrict Plaintiffs from responding to any inquiry about this Settlement Agreement or its underlying facts and circumstances from any governmental agency.

**11.** **Capacity, Assignment.** The undersigned warrants that they are duly authorized and legally competent to execute this Release and that no approvals or consents of any other persons, entities or agencies are necessary. Plaintiffs represent and warrant that they have not sold, assigned, transferred, conveyed, encumbered, or otherwise disposed of any portion of their claims arising out of the Lawsuit described herein.

Plaintiffs agree and represent that they have carefully read the terms of this Settlement Agreement, including the Release in paragraph 1, with their attorney; Plaintiffs acknowledge they had an opportunity of at least twenty-one (21) days to receive advice about the terms and legal effects of this Settlement Agreement; Plaintiffs understand the meaning and effect of the terms of this Settlement Agreement, including the Release; Plaintiffs' decision to sign this Settlement Agreement, including the Release, is of Plaintiffs' own free and voluntary act without compulsion of any kind; no promise or inducement not expressed in this Settlement Agreement has been made to Plaintiffs; Plaintiffs have adequate information to make a knowing and voluntary waiver.

**Plaintiffs shall have seven (7) days from signing this Settlement Agreement to revoke the Settlement Agreement. Plaintiffs may revoke this Settlement Agreement at any time within that seven (7) day period by sending a written notice of revocation to: Alexander Nemiroff, Esq., Gordon Rees Scully Mansukhani, LLP, Three Logan Square, 1717 Arch Street, Suite 610, Philadelphia, Pennsylvania 19103. Such written notice must be received at the above address within the seven (7) day period in order to be valid. If valid revocation is received within that seven (7) day period, this Settlement Agreement shall be**

**null and void for all purposes.**

**12.    Acknowledgment.** PLAINTIFFS UNDERSTAND THE TERMS OF THIS SETTLEMENT AGREEMENT RELEASE FOREVER DEFENDANTS FROM ANY LIABILITY ARISING FROM PLAINTIFFS' LAWSUIT. PLAINTIFFS SIGN THIS SETTLEMENT AGREEMENT OF THEIR OWN FREE WILL IN EXCHANGE FOR THE CONSIDERATION TO BE GIVEN TO PLAINTIFFS, AS SET FORTH ABOVE, WHICH PLAINTIFFS ACKNOWLEDGE AS ADEQUATE AND SATISFACTORY. NONE OF THE DEFENDANTS, NOR THEIR REPSPECTIVE AGENTS, REPRESENTATIVES OR EMPLOYEES HAVE MADE ANY REPRESENTATIONS TO PLAINTIFFS CONCERNING THE TERMS OR EFFECTS OF THIS SETTLEMENT AGREEMENT, OTHER THAN THOSE CONTAINED IN THE SETTLEMENT AGREEMENT.

**13.    Waiver of Jury Trial.** THE PARTIES HEREBY WAIVE, TO THE FULLEST EXTENT POSSIBLE UNDER APPLICABLE LAW, RIGHTS TO A JURY TRIAL OF ANY SUIT, ACTION OR OTHER LEGAL PROCEEDING BASED UPON OR ARISING OUT OF THIS SETTLEMENT AGREEMENT AND/OR ARISING OUT OF PLAINTIFFS' RELATIONSHIP WITH FHH. THE PARTIES REPRESENT AND WARRANT THAT THEY: (I) HAVE HAD THE OPPORTUNITY TO REVIEW THIS WAIVER WITH LEGAL COUNSEL, (II) UNDERSTAND THE MEANING AND RAMIFICATIONS OF THIS WAIVER, AND (III) KNOWINGLY, INTENTIONALLY AND VOLUNTARILY WAIVE JURY TRIAL RIGHTS.

**14.    Execution in Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall be an original and all of which, when taken together, shall constitute a single agreement.

BE:10244182.1/SIE108-273786

**READ THIS ENTIRE DOCUMENT BEFORE SIGNING!**

BY: _____

LASHONDA ROBINSON

Dated: Mar 18th, 2019

BY: _____

JASSARIE SIERRA

Dated: 3/18/19

BY: _____

Sherron Druht
General Counsel

FREEDOM HOME HEALTHCARE, INC.

Dated: 4/2/2019

Page 9 of 9